## JULIUS DORN v. JAS. M. KELLER, ETC.

**Wills—Construction—Contingent Remainder—Suit to Sell—Necessary Parties.**

> Under the will if Mrs. Keller should leave children or issue surviving her, they should take the estate in fee.

> Held, that this contingent depending on events which may or may not happen, the persons who may take such future interest, can not for the time being be ascertained on account of the non-happening of the events on which such interest depend.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

February 10, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

This case seems to have been prepared with great care, and the proceedings seem to be regular. Under the will of her grandfather, if Mrs. Keller should leave children, or issue surviving her, they would take an estate in fee. But this is contingent depending on events which may or not happen. And the persons who may take such future interest cannot for the time being be ascertained on account of the non-happening of the events on which such interest depends.

As therefore it cannot be known to whom this future contingent interest may fall, if the contingency ever happens, it cannot be necessary to make others parties to the suit without knowing that they will ever have an interest in the property.

Moreover the party taking the present interest in the estate is to some extent made by the statute to represent the future claimants, because the statute requires that it shall be alleged and proved to the satisfaction of the court that the interests of all the claimants, present and future, will be subserved by a sale.

By the 2d section of the Act of the 23d of August, 1862, under which this suit is prosecuted, it is contemplated that those having a present, or vested interest in the estate, shall be parties to suits authorized by said act—*Myers Supp., p. 427.*

The Chancellor in this case has taken every precaution to protect the interests of all parties, and his judgment is *affirmed.*

*Dorn, for appellant.*

*Bodley & Simrall, for appellees.*